IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNIE R. WEISER, JR., and LATRICE (ALVERSON) WEISER,<br><br>    Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>PATHWAY SERVICES, INC., a domestic for profit business corporation,<br><br>    Defendant/Counter-Plaintiff | Case No. 17-CV-673-GKF-FHM |

## OPINION AND ORDER

Plaintiffs' Motion for Sanctions, [Dkt. 24], is before the undersigned United States Magistrate Judge for determination. The matter has been fully briefed and is ripe for decision.

Plaintiffs' brief outlines contentious interactions between counsel concerning scheduling of depositions, the conduct of depositions, and the timing of the production of documents requested by subpoena duces tecum. Plaintiffs assert that Defendant failed to timely provide complete initial disclosures required by Fed.R.Civ.P. 26 and failed to timely provide some of the documents requested in Plaintiffs' requests for production of documents. Plaintiffs assert that Defendant's discovery deficiencies precluded Plaintiffs from meaningfully preparing for depositions, and for the settlement conference, but they provide no detail to demonstrate these assertions. As a sanction, Plaintiffs seek to preclude Defendant from using any of the documents that were not properly produced, to strike Defendant's defenses, exclude the testimony and reports by Defendant's designated expert witness Randall O'Neal, assess the reasonable attorney fees and costs related to Plaintiffs' preparation for their depositions, preparation for the settlement conference,

preparation for the deposition of Randall O'Neal and the Rule 30(b)(6) deposition of Scott Mathison, the expenses of this motion, and that no further extensions of the discovery deadlines will be granted.

From the parties' papers it appears that Defendant did not timely produce all required information in its initial disclosures and Defendant's responses to discovery requests may not have been complete at the time the responses were served. However Plaintiffs now have all of the information that has been requested. While the court disapproves of tardy and incomplete discovery responses and the court understands that it is frustrating to proceed when the discovery rules and time lines are not followed, the court finds that Plaintiffs have not demonstrated that they have been prejudiced by Defendant's actions so as to warrant the extreme sanctions they are requesting. Nor have Plaintiffs demonstrated that Defendant has gained any advantage by its actions.

The sanctions Plaintiffs have requested are severe enough that they approach default judgment. In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) the Tenth Circuit set out a number of factors that courts are required to consider before imposing default as a discovery sanction: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Even though Plaintiffs' comprehensive list of requested sanctions come close to default, their papers do not meaningfully address these factors or any others that might justify the imposition of the severe sanctions they request.

Plaintiffs' Motion for Sanctions, [Dkt. 24], is DENIED.

SO ORDERED this 28th day of December, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE