# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. Bennie R. Weiser, Jr. an individual, and | ) ) ) | |
| 2. Latrice (Alverson) Weiser, an individual, | ) ) ) ) | Case No. 17-CV-673-GKF-FHM |
| Plaintiffs/Counter-Defendants | ) | |
| vs. | ) ) | |
| 1. Pathway Services, Inc., a domestic for profit business corporation, | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

## DEFENDANT PATHWAY SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

COMES NOW the Defendant, Pathway Services Inc., and in support of its Motion for Summary Judgment does here allege and state as follows:

*INTRODUCTION & FACTUAL SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*UNDISPUTED MATERIAL FACTS SUPPORTING SUMMARY JUDGMENT FOR THE DEFENDANT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*THE PLAINTIFFS HAVE NO PROOF THAT THEIR WORK FOR THE DEFENDANT VIOLATED WAGE & HOUR REQUIREMENTS OR REQUIRED OVERTIME. . . . . . . . . . . . . 4
*ABSENCE OF ACCURATE EVIDENCE OF PURPORTED VIOLATIONS OF WAGE AND HOUR VIOLATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*ABSENCE OF ANY EVIDENCE OF OVERTIME WORKED BY THE PLAINTIFFS. . . . . . . 6
*PLAINTIFFS HAVE NO EVIDENCE THAT THE DEFENDANT ACTED IN A DELIBERATE AND WILLFUL MANNER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*DEFENDANT'S EVIDENCE OF NUMBER OF HOURS WORKED BY PLAINTIFFS. . . . . . 8
*ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CASES

*Celotex Corp. v. Catrell, 477 U.S. 317, 323 (1986)............................................. 11
*Matsushita Elec. Indus, Co. v. Zenith Radio corp., 475 U.S. 574, 586-87 (1986).............. 11
*Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).................................... 11
*Garratt v. Walker, 164 F.ed 1249, 1251 (10th Cir. 1998)..................................... 11

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule LCvR56.1, Defendant Pathway Services, Inc., moves for summary judgment against the Plaintiffs and for judgment pursuant to Defendant's counterclaim against the Plaintiffs. There are no genuine issues of material fact under prevailing law that warrants trial and a decision should be entered in the Defendant's favor as a matter of law. The Defendant is entitled to summary judgment because the undisputed material facts establish, as a matter of law, the Defendant did not violate the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § § 201-219 ("FLSA"), by failing to pay the Plaintiffs required minimum wage and overtime compensation. Moreover, the Defendant is likewise entitled to judgment on Defendant's counter-claim.

The Defendant respectfully requests the Court to enter an Order granting summary judgment on each of the Defendant's claims discussed herein against Plaintiffs.

## INTRODUCTION & FACTUAL SUMMARY

The Defendant, Pathway Services, Inc., is a company which was formed in 1996 by Rudy Blanco and has grown substantially since that date. Pathway Services Inc., consists of highly specialized and technical computer and other related equipment which are specially mounted in a van for two people to operate the van and the equipment. The pair of people driving the van is generally known in the industry as "team drivers". The team drivers take the specially equipped van

to a predetermined location and, while they are in that vicinity, they accomplish basically five (5) things. They are: (1) Data collection of roadways and road service, (2) digital imagery, (3) pavement surface distress surveys, (4) speciality designed collection including, LIDAR, GPR and vertical clearance, (5) sign and road feature inventories. The Plaintiffs claim in this suit that such minimum wage/overtime violations occurred while the Plaintiffs were employed but the Plaintiffs cannot produce or identify any records to meet the Plaintiffs' burden of proof. The Plaintiffs are husband and wife and were employed by the Defendant as "team drivers" for approximately two (2) years. The Plaintiffs informed the Defendant that the Plaintiffs were retiring and, for the first time, alleged that the Defendant violated the FLSA and failed to pay minimum wages. The Defendant denies these claims and seeks a counter-claim judgment.

**UNDISPUTED MATERIAL FACTS
SUPPORTING SUMMARY JUDGMENT FOR THE DEFENDANT**

1. Defendant Pathway Services, Inc., is a successful business with principal offices in Broken Arrow, Oklahoma, which provided technological support for the following types of data collection:

    (a) Data collection of roadways and road services;

    (b) Digital imagery;

    (c) Pavement distress surveys;

    (d) Speciality data collection including, LIDAR, GPR and vertical clearance;

    (e) Sign and road feature inventories. [Affidavit, Scott Mathison, Exhibit A]

2. The Plaintiffs, Bennie R. Weiser, Jr., and Latrice (Alverson) Weiser, are husband and wife

and were employees for the Defendant for nearly two (2) years from July 8, 2015, to March 31, 2017. [Deposition, Bennie R. Weiser, Jr., p. 113, Exhibit B]

3. All employees are paid on the basis of assignment to work on certain distinct jobs. [Affidavit, Scott Mathison, Exhibit A]

4. As is true with all employees who worked for Defendant, the employees are responsible for keeping track of the number of hours which they spend working at their jobs. The Plaintiffs failed to keep track of the number of hours they worked. [Affidavit, Scott Mathison, Exhibit A] [Deposition, Bennie R. Weiser, Jr., pp. 43 & 44, Exhibit B]

### THE PLAINTIFFS HAVE NO PROOF THAT THEIR WORK FOR THE DEFENDANT VIOLATED WAGE & HOUR REQUIREMENTS OR REQUIRED OVERTIME

5. During the nearly two (2) years that the Weisers were employed by the Defendant, they never complained at any time or in any manner that they were not paid minimum wage. [Affidavit, Scott Mathison, Exhibit A]   [Affidavit, Lavonne Blanco, Exhibit C]

6. Pathway Services, Inc., had a company policy prohibiting overtime. In his deposition Plaintiff Mr. Weiser testified that the employee manual contained such a provisions:

> Q. Do you now whether or not it (company policy) has anything about payment of overtime hours?
> A. It does have a paragraph pertaining to overtime hours.
> Q. And what's your understanding of what that paragraph says?
> A. I'm trying to remember. It says - - I guess it - - it pretty much says no overtime will be tolerated, is the best I can - - or it's strictly prohibited, I think is the wording that it used.
>
> *[Deposition, Bennie R. Weiser, Jr., p. 62, Exhibit B]*

7. The subject of minimum wage violations did not ever come up between the parties until the

Weisers told the Defendant that they were going to retire and that they had a wage and hour claim against the company. [Affidavit, Scott Mathison, Exhibit A]

## ABSENCE OF ACCURATE EVIDENCE OF PURPORTED VIOLATIONS OF WAGE AND HOUR VIOLATIONS

8. As part of the Plaintiffs' claim against the Defendant company the Plaintiffs contend that the Plaintiffs should be compensated for having worked 8 hours a day, 7 days a week. [Affidavit, Scott Mathison, Exhibit A]

9. In their deposition testimony, Mr. & Mrs. Weiser, claimed that they worked from 8 o'clock to 4 o'clock everyday and that they used these numbers to calculate or compute the minimum wage violations which they are alleging exist in this case. [Depositions, Bennie R. Weiser, Jr., pp. 47-48, Exhibit B]

10. The Plaintiffs readily admitted under oath in their depositions that they did not work from 8 o'clock to 4 o'clock as previously contended, and that such evidence is not accurate. In fact, the deposition testimony of Mr. Weiser reads as follows:

*Page 47*
Q. *Okay. Now so from every day that you used the app on the phone you indicated that you went to work from 8:00 to 4:00?*
A. *Yes.*
Q. *And on some of those days you didn't go to work at all?*
A. *Yes*
Q. *But even on days when you didn't work at all, you still put on the app that you went to work from 8:00 to 4:00?*
A. *Yes.*
*Page 48*
Q. *Okay. Now, you would agree with me in your testimony today that whatever record there is on the app, based on the fact that you reported that you went to work at 8:00 and worked till 4:00, whatever those number of hours would be, you would agree*

> *with me today that those are not accurate; true?*
> *A.  No they're not accurate.*
> *Q.  And so my next question -- this is very important. If it would become necessary for you to establish or testify or prove the actual number of hours that you worked for Pathway in 2017, you could not do that because you don't have any records that have the actual number of hours, do you.*
> *Mr. Kittle:  Object as to form.*
> *Q.  It that true?*
> *A.  That's true.*
> *Q.  And the same thing is true, of course, for 2015 and 2016?*
> *A.  Yes.*
> 
> *[Deposition, Bennie R. Weiser, Jr., pp. 47 & 48. Exhibit B]*

11. Mr. Weiser testified in his deposition that the numbers on which they are basing their claims against the Defendant are not accurate. [Deposition, Bennie R. Weiser, Jr., p. 47, Exhibit B]

12. Neither of the Plaintiffs have any evidence to prove the number of hours that they worked while employed by the Defendant. [Deposition, Bennie R. Weiser, Jr., pp. 74-75, Exhibit B] [Deposition, Latrice (Alverson) Weiser, p. 6, Exhibit D]

### ABSENCE OF ANY EVIDENCE OF OVERTIME WORKED BY THE PLAINTIFFS

13. The Plaintiffs allege they are owed overtime hours but have no evidence to prove the number of overtime hours. In his deposition Plaintiff Bennie Weiser gives the following testimony:

14. *Page 60*
> *Q.  Okay, sir, but my question is not that. My questions is, since you are claiming in this lawsuit that Pathway owes overtime hours, I simply ask this question of you: You don't have any way to tell the number of overtime hours that you claim that Pathway did not pay because you don't have any records which show the number of -- any number of overtime hours; that's true, isn't it?*
> *A.  Yes, I have no record, if that's what you're asking.*
> *Q.  Okay. So now my next question is, if you don't know and your don't have any records, as you've just testified, how are you going to compute or calculate the number of overtime hours that you claim in this lawsuit is owed by Pathways? Were*

> you simply going to make an estimate or a guess?  How were you going to do that?
> A.    I guess it would be an estimate.
> Q.    But as I understand your testimony, you haven't don that yet?
> Page 61
> A.    No.
>       Mr. Kittle:    Object as to form.
> Q.    And you don't have an estimate today?
> A.    No.
> Q.    And are you able to tell us in your testimony today when it is you will have this estimate?
>       Mr. Kittle:    Object as to form.
> A.    I'm not sure.
>
>                         [Deposition, Bennie R. Weiser, Jr., pp. 60-61, Exhibit B]

## PLAINTIFFS HAVE NO EVIDENCE THAT THE DEFENDANT ACTED IN A DELIBERATE AND WILLFUL MANNER

15.   The Plaintiffs allege that Pathway Services, Inc., acted in a willful and deliberate way to violate the FSLA with regard to overtime pay.  However, the deposition testimony of Plaintiff Bennie Weiser reveals a complete absence of proof.  His testimony is as follows:

16.   *Page 74*
> Q.    And what evidence, what information do you have that would suggest that my client did anything in a willful and deliberate way?
> A.    According to the Fair Labor Standards Act, anything over 40 hours is supposed to paid overtime.
> Q.    Yes, sir.
> A.    And far as I'm concerned, the company should know that.
> Q.    Yes, sir. I think that's a general statement that we can all agree with, that first one. But now I'm asking you a more penetrating question.  I'm asking you what information do you have, what evidence do you have to suggest that Pathway not only did something in violation of this act, but you're also saying that they did it in a deliberate and willful way, that they did it on purpose.  So tell us what evidence or information you have that you think proves that.
> A.    I'm just not - - I don't guess I have an answer for that.
> Q.    Okay. Does that mean, then, that you don't have any evidence or proof of that at this time?
> A.    Yes.
>
>                              [Deposition, Bennie R. Weiser, Jr., p. 74, Exhibit B]

## DEFENDANT'S EVIDENCE OF NUMBER
## OF HOURS WORKED BY PLAINTIFFS

17. The specially equipped Pathway Services, Inc., van contains computerized equipment which, among other things, logs the activities of the vehicle throughout the day. By analyzing the data on the computers, referred to as mining the data, Pathway Services, Inc., can determine the actual number of hours of operation of the van driven by the Weisers each day and the locations where the van is driven. Scott Mathison has done so. [Affidavit, Scott Mathison, Exhibit A]

18. The computerized equipment also records and verifies the time when the equipment was in use. [Affidavit, Scott Mathison, Exhibit A]

19. The computer equipment verifies that the Plaintiffs, Mr. & Mrs. Weiser, seldom exceeded the regular time in their work. (Eight time in 77 days, and several were only exceeded by a few minutes. [Affidavit, Scott Mathison, Exhibit A]

20. The data mined reveals that Plaintiffs Mr. & Mrs. Weiser, were overpaid. They were paid more than they should have been. They were paid for time worked during 110 separate days when , in fact, no work was performed by the Weisers. [Affidavit, Scott Mathison, Exhibit A] In addition, there was 52 paid days for time worked during between projects (when the Weisers were at home/vacation and were not even in the field or assigned to a project).

21. In mining the data Pathway Services, Inc., followed this process: (a) Review all data ever collected on all projects assigned to the Weisers, (b) for all the dates, checked the vehicle logs to determine what days the work was conducted, (c) for each day the data collection

occurred determine the exact time it started and ended, and (d) compare the hours worked to the hours reported. To resolve any questions in favor of the Weisers the following assumptions were made:

aa. Pathway Services, Inc., assumed that they were working the entire time from the recorded start time to the end time. Lunch breaks, rest breaks, driving from one route to another, any other activities, etc., were included as "worked hours".

bb. Days spent traveling were assumed to be full 8-hour days (through the actual experience reveals that days spent tracking average far less than full 8 hour days).

cc. Each project was given two travel days in each direction (32 total hours) – even though many project locations were less than a day's drive away.

dd. Days where computers were turned on but no data were actually collected were assumed to be full work day (this was very rare).

ee. Since the Plaintiffs, Mr. & Mrs. Weiser, quit (resigned their employment) while in the field, it was concluded that the days when they were traveling back and later returned the vehicle as full work days. Their stated end date was two days later than their actual return date and those days were included as full work days.

ff. Whenever very few hours were worked, Pathway Services, Inc., rounded anything above 3 hours as "half days" to give them 4 hours as they likely tried to work in the morning or afternoon.

gg. Since the first collected (finished) record of the day becomes the start time, Pathway Services, Inc., calculated the vehicle speed during the collection and edited their daily start time to be when they actually started driving on the collection route. This

ensured their start time was as accurate as possible. All times were rounded up to full minutes to give them as many work hours as possible.

## ARGUMENTS

Pathway Services, Inc., has a company policy that clearly provides that overtime is strictly prohibited. Morever, the Plaintiffs deny under oath in their depositions that they have any records of any kind verifying that the Plaintiffs performed overtime. Pathway Services, Inc., has carefully mined the data to determine exactly when and where the Weisers worked. The on board computer equipment in the specially designed and built van enables Pathway Services, Inc., to determine this precise information. Likewise, the computer records prove that the Weisers did not work overtime. In fact, the records prove the opposite – that the Weisers were paid substantially more than they should have been paid under their employment agreement. They were paid for time worked during 110 days when , in fact, no work was performed by the Weisers. [Affidavit, Scott Mathison, Exhibit A] In addition, there was 52 paid days for time worked during between projects (when the Weisers were at home/vacation and were not even in the field or assigned to a project). Finally, in addition to these dates, the equivalent of 44, eight (8) hour days were claimed by and paid to the Weisers even though no work was performed. *(Id.)*

On the other hand, however, the Plaintiffs have no proof whatsoever that Pathway Services, Inc., has violated the FLSA. After extensive discovery the Plaintiffs cannot or will not provide any evidence suggesting that Pathway Services, Inc., is guilty of any wage and hour violations. The Plaintiffs simply ignore their burden of proof. Indeed, the Plaintiffs fail to establish the existence of even one element essential to the Plaintiffs case.

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrell, 477 U.S. 317, 323 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus, Co. v. Zenith Radio corp., 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [opponent]." Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In essence, the inquiry for the Court is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a mater of law. *Id.* at 250. In its review, the Court draws all justifiable inferences and construes the record in the light most favorable to the party opposing summary judgment. *Id.* at 254; Garratt v. Walker, 164 F.ed 1249, 1251 (10th Cir. 1998).

Where does there exist in this record evidence on which the [trier of fact] could reasonably find for the Plaintiffs in ruling on the Motion for Summary Judgment? Such evidence does not exist here. The evidence here does not present a sufficient disagreement to require submission to a jury. Summary judgment is proper for the Defendant here.

During the time of the employment of the Weisers for Pathway Services, Inc., they requested and were paid for 1043 hours that were paid for but for which they did no work. Moreover, the Weisers were paid 1191 hours of overtime that were paid for but not worked. These amounts paid to the Weisers were approximately $20,548.20 for overtime and approximately $12,000.25 for straight time. The total associated costs for both employees, Mr. & Mrs. Weiser, is $75,768.90. Pathway Services, Inc., seeks summary judgment in favor of Pathway Services, Inc., against the Plaintiffs in this amount together with attorney fees and costs.

Mr. & Mrs. Weiser are attempting to mislead the Court by arguing that they are owed overtime. All evidence, records and testimony proves that no overtime occurred and no money is owed to the Plaintiffs. In fact, the Plaintiffs have been paid more than they should have been and the Plaintiffs should reimburse the Defendant. But this is not the first time the Plaintiffs have made misrepresentations.

When the Plaintiffs applied for work with Pathway Services, Inc., the Plaintiffs were required to fill out a job application form before the employment began. [Job Applications, Exhibit E]. One question in the job applications was whether Mr. & Mrs. Weiser had ever been convicted of a crime. *Id.* Mr. & Mrs. Weiser both answered the question that they had not been convicted of a crime. This answer was false because Mr. Weiser had, in fact, been convicted of a felony for which he had been incarcerated. [Deposition, Bennie R. Weiser, Jr. p. 8, Exhibit B]. The Plaintiffs were interviewed for their job with Scott Mathison. *Id.* [Deposition, Bennie R. Weiser, Jr. pp. 19-20, Exhibit B]. Mr. Weiser failed to disclose to Mr. Mathison about his felony conviction and, instead lied to Mr. Mathison. *Id.* In his deposition testimony Mr. Weiser acknowledged the following:

> *Q. Did you disclose to Scott about your felony conviction?*
> *A. It was never asked*
> *Q. But my question is, did you disclose to Scott about your felony conviction?*
> *A. No.*
> *Q. As far as you know, until this moment, Pathway never knew you were a convicted felon, did they?*
> *A. No.*
> *[Deposition, Bennie R. Weiser, Jr. pp. 19-20, Exhibit B]*

In addition to deceiving the Defendant about the felony conviction, Mr. Weiser also lied to the Defendant about another crime, a misdemeanor. *Id.* [Deposition, Bennie R. Weiser, Jr. pp. 21-22, Exhibit B]

In the deposition of Mrs. Weiser she was also asked about her criminal background. She too had signed the written application form and indicated that she had not ever been arrested. The deposition transcript reveals that she lied. [Deposition, Latrice (Alverson) Weiser, pp. 8-10, Exhibit D]. In truth, she was charged with a felony offense possession with intent, convicted and sentenced to fifteen (15) years and served half of that amount. *Id. Exhibit D.* It is difficult to believe Mrs. Weiser somehow overlooked this severe felony conviction.

Finally, approximately one week ago Mr. Weiser contacted Scott Mathison directly and asked to meet with him "without any lawyers" to discuss this case. An immediate response was sent to Plaintiffs' counsel, of course, and the Defendant refused to do so. In this course of conduct, the Plaintiffs have demonstrated their willingness to bend the rules. Commit felony crimes, and do whatever it take to <u>play</u> the Court system. The pleadings in this case filed by the Plaintiffs counsel clearly allege facts that are inconsistent and untrue when compared with the deposition testimony by the Plaintiffs. The Plaintiffs should not be rewarded for such conduct.

## CONCLUSION

The language of Rule 56(c) mandates the entry of summary judgment against the Plaintiffs.

                Respectfully submitted,

                Wilkinson Law Firm

                s/Bill V. Wilkinson
                Bill V. Wilkinson, OBA 9621
                4812 East 81st Street, Suite 302
                Tulsa, OK 74137
                918-663-2252 Phone
                918-663-2254 Fax
                wilklaw@wilklaw.com
                Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of , 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David R. Keesling
Timothy S. Kittle
6660 South Sheridan Road, Suite 250
Tulsa, OK 74137
(918) 924-5101 Telephone
(918) 512-4888 Facsimile
dkeesling@dbllawyers.com
tkittle@dbllawyers.com
Attorneys for Plaintiffs

                s/Bill V. Wilkinson
                Bill V. Wilkinson