IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BENNIE R. WEISER, JR., an individual,
and LATRICE (ALVERSON) WEISER, an
individual,

        Plaintiffs,

v.

PATHWAY SERVICES, INC., a domestic
for profit business corporation,

        Defendant.

Case No. 17-CV-673-GKF-FHM

**OPINION AND ORDER**

Before the court is the Motion to Exclude Report and Testimony of Defendant's Expert Witness Randall G. O'Neal [Doc. 40] filed by plaintiffs Bennie R. Weiser, Jr. and Latrice (Alverson) Weiser. For the reasons set forth below, the motion is granted in part and denied in part.

**I. Background**

Defendant Pathway Services, Inc. ("PSI") employed the Weisers as road surveyors between July 2015 and March 2017. The Weisers allege that PSI failed to pay overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. PSI denies wrongdoing and asserts counterclaims for fraud and breach of contract, alleging that it overpaid the Weisers because they falsely reported the number of hours they worked.

PSI retained the services of Randall G. O'Neal to serve as its expert witness. Mr. O'Neal prepared a written report dated June 29, 2018. [Doc. 40-3]. He also provided deposition testimony on September 25, 2018. [Doc. 40-1, pp. 16–49 ("O'Neal Depo. Tr.")]. According to his report, Mr. O'Neal is a wage-and-hour consultant with approximately forty years of experience working

for the Wage and Hour Division of the United States Department of Labor. [Doc. 40-3, p. 2]. His report sets forth two principal opinions: first, "that the two time-reporting systems the Defendant utilized with respect to Plaintiffs . . . would fully comply with the requirements of the FLSA," and second, "that Plaintiffs did not accurately report their hours worked." [Doc. 40-3, p. 6].

## II. Standard of Review

Pursuant to Federal Rule of Evidence 702, a qualified expert may give opinion testimony if the following conditions are satisfied:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. This rule imposes on the trial court an important gate-keeping obligation, "to 'ensure that any and all [expert] testimony . . . is not only relevant, but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 590 (1993)). Thus, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592).

"To determine whether an expert's opinion is admissible, the district court must undertake a two-step analysis." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009)). First, the court must determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *Nacchio*, 555 F.3d at 1241 (quoting FED. R. EVID. 702). Second, "the court

must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*." *Id.*

### III. Analysis

As the proponent of Mr. O'Neal's expert testimony, PSI bears the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Nacchio*, 555 F.3d at 1251. In its response brief, PSI largely focuses on Mr. O'Neal's qualifications, but the Weisers do not challenge Mr. O'Neal's experience or expertise. *See* [Doc. 40, p. 5]. Thus, there is no dispute that Mr. O'Neal is qualified to render an expert opinion in this field. The court must then determine whether the proffered opinions are reliable by assessing the underlying reasoning and methodology.

Mr. O'Neal's first opinion—that PSI's systems complied with the record-keeping requirements of 29 U.S.C. § 211(c)—satisfies the reliability requirements of Rule 702. Mr. O'Neal's extensive experience at the Department of Labor and the reasoning set forth in his report provide a sufficient basis for him to render such an opinion. The relevance of Mr. O'Neal's first opinion to this action is questionable, but the court declines to decide the relevancy issue at this time. The motion to exclude Mr. O'Neal's testimony is therefore denied with respect to the first opinion without prejudice to the Weisers' ability to object at trial on relevance grounds.

Mr. O'Neal's second opinion—that the Weisers overstated their hours—is essentially a credibility determination, which usurps a critical function of the jury; is not helpful to the jury, which can make its own determination of credibility; and is prejudicial and would unduly influence the jury as made by a qualified expert. *See United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014). Mr. O'Neal describes an analysis performed by Scott Mathison of records from an on-board computer used by the Weisers. [Doc. 40-3, p. 5]. But Mr. O'Neal's opinion adds nothing

to that analysis that would assist the trier of fact. *Id.* ("The touchstone of admissibility under Rule 702 is the helpfulness of the evidence to the trier of fact."). The court therefore finds that PSI has failed to establish the admissibility of Mr. O'Neal's expert testimony as to the second opinion.

WHEREFORE, the Motion to Exclude Report and Testimony of Defendant's Expert Witness Randall G. O'Neal [Doc. 40] is granted in part and denied in part. It is granted as to Mr. O'Neal's opinion regarding the accuracy of the hours reported by the Weisers (the second opinion), but is denied as to his opinion regarding the compliance of PSI's systems with the FLSA's record-keeping requirements (the first opinion).

IT IS SO ORDERED this 4th day of April, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE