**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

BENNIE R. WEISER, JR., an individual, and LATRICE (ALVERSON) WEISER, an individual,

Plaintiffs,

v.

PATHWAY SERVICES INC., a domestic for profit business corporation,

Defendant.

Case No. 17-CV-673-GKF-FHM

**ORDER**

Before the court is the Motion for Attorney's Fees [Doc. 97] filed by plaintiffs Bennie R. Weiser, Jr. and Latrice (Alverson) Weiser. For the reasons set forth below, the motion is granted in part and denied in part.

## I. Background

On December 15, 2017, the Weisers commenced this action against their former employer, Pathway Services Inc. ("PSI"). The Weisers each asserted a claim against PSI for failure to pay overtime compensation as required by § 207(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. PSI asserted a counterclaim based upon theories of fraud and breach of contract, alleging that it overpaid the Weisers because they falsely reported the number of hours they worked. Following discovery, the parties each filed motions for summary judgment. The court granted the Weisers' motion in part, as to PSI's counterclaim based upon breach of contract, and denied PSI's motion. [Doc. 67].

This matter came on for jury trial from May 20, 2019 through May 24, 2019. At the trial's conclusion, the jury returned a verdict in favor of the Weisers. On the overtime claim, the jury awarded each plaintiff $8,990.48 in damages and found that PSI's violations of the FLSA were

willful. On the fraud counterclaim, the jury found in favor of the Weisers and against PSI. Following the verdict, the court found that the Weisers were entitled to liquidated damages pursuant to 29 U.S.C. §§ 216(b) and 260. [Doc. 91]. The court entered judgment awarding each plaintiff actual and liquidated damages in the amount of $17,980.96, for a total judgment of $35,961.92. [*Id.*].

## II. Standard of Review

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In determining a reasonable fee, courts generally start by calculating the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar method yields a presumptively reasonable fee, which the court may adjust to account for the particularities of the case. *Id.* at 552. The party seeking an award of fees has the burden of proving both the number of hours spent and reasonableness of the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## III. Discussion

Pursuant to 29 U.S.C. § 216(b), the Weisers seek an award of attorney's fees in the amount of $233,842.13. [Doc. 97, p. 6]. In support of their motion, they submit the Affidavit of Attorney David R. Keesling [Doc. 94], the Affidavit of Attorney Destyn D. Stallings [Doc. 95], the Affidavit of Attorney Timothy S. Kittle [Doc. 96], and time records [Doc. 94-1; Doc. 94-2].

In response, PSI contends the court should award no more than $82,000.00. PSI challenges the reasonableness of the rates and hours claimed and further argues that the fee award the Weisers seek is disproportionate to the damages recovered. The court addresses these issues in turn below.

**A. Hourly Rates**

The court must determine the reasonable hourly rate for each relevant timekeeper. The Weisers seek $350 per hour for attorney David Keesling, $275 per hour for attorney Timothy Kittle, $275 per hour for attorney Destyn Stallings, and $165 per hour for paralegal Stevie Mark. PSI argues that the requested rates are unsupported and unreasonable.

To determine what constitutes a reasonable rate, courts consider the "prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). If the court does not have adequate evidence of prevailing market rates, then it may use other relevant factors, including its own knowledge, to establish the rate. *Id.* at 1225.

In support of their requested rates, plaintiffs have submitted a document [Doc. 97-2] entitled "Year 2016 Local Customary Rate Survey of Tulsa Law Firms," compiled and signed by attorney Robert Glass of the GableGotwals law firm in Tulsa. PSI contends the survey is attorney argument, and not evidence, because it has not been authenticated and lacks certain contextual information, such as the areas of law practiced by the survey respondents. [Doc. 102]. The court notes that another federal judge in this district has considered the survey in connection with attorney fee motions. *See Busby v. City of Tulsa*, No. 11-CV-447-JED-JFJ, 2018 WL 7286180, at *3 (N.D. Okla. Oct. 23, 2018), *report and recommendation adopted*, No. 11-CV-447-JED-JFJ, 2019 WL 169686 (N.D. Okla. Jan. 11, 2019). While the court recognizes the survey's limitations, it will consider the survey insofar as it accords with the court's general familiarity with the prevailing rates in this market.

In this case, Mr. Keesling deposed PSI's witnesses, appeared for settlement conferences, and ably served as lead trial counsel, among other things. According to his affidavit, he was admitted to practice in Oklahoma in 1998, giving him nineteen years of legal experience at the

beginning of this action in 2017, and twenty-one at the time of trial. He has appeared in numerous state and federal courts and has served as lead trial counsel for more than thirty jury trials. Since 2009, approximately half of his practice has been federal civil practice, with an emphasis on employment law. His billable rate ranges from $795 to $350 per hour, depending on the specific practice and customary rates of the applicable jurisdiction. In this case, he seeks an hourly rate of $350, which has been his local rate since 2009.[1] The court finds $350 per hour to be a reasonable rate in this community for a lawyer of Mr. Keesling's experience, reputation, and ability.

Mr. Kittle performed the majority of pretrial tasks, including meeting with plaintiffs at intake, drafting and filing the complaint and pretrial motions, drafting discovery requests and responses, and defending plaintiffs' depositions. He also served as second chair during trial. According to his affidavit, he was admitted to practice in Wisconsin in 2007 and in Oklahoma in 2008, giving him ten years of experience at the beginning of this action in 2017, and twelve years at the time of trial. He has been co-counsel of record and second chair in approximately seventeen cases that resulted in jury trials. His focus since 2009 has been federal civil practice, with an emphasis on employment law. He seeks a rate of $275 per hour, which has been his billable rate since 2014. The court finds $275 per hour to be a reasonable rate in this community for a lawyer of Mr. Kittle's experience and ability.

Ms. Stallings performed various tasks immediately prior to and during trial, including both attorney work such as preparing objections to PSI's requested jury instructions, and paralegal-type work such as "creat[ing] notebooks of Plaintiff's miscellaneous documents," finalizing TrialPad exhibits, and operating the trial software utilized by plaintiffs' counsel during trial. According to Ms. Stallings' affidavit, she was admitted to practice law in Oklahoma in September of 2013,

[1] Bill Wilkinson, who represented PSI in this case through trial and who has been in practice for some fifty years, avers that his billable rate ranges from $385 to $500 per hour. [Doc. 102-1, p. 2].

giving her less than six years of experience at the time of trial. Her requested rate is $275 per hour, her billable rate since 2018. Ms. Stallings' requested hourly rate is the same as that of Mr. Kittle, who has significantly more experience and who played a more substantive role at trial. The court finds that hourly rates of $225 for work done as an attorney and $165 for work the court has determined to be of the type performed by a paralegal are reasonable for the time spent by Ms. Stallings in light of her experience and the tasks she performed.

The Weisers seek an hourly rate of $165 for work performed by Stevie Mark, a certified paralegal with nearly forty years' experience. The court finds the requested hourly rate reasonable under the circumstances and in light of Ms. Mark's experience.

Plaintiffs' counselors' time records also include entries for attorney Eva Vinda. In their reply, plaintiffs admit that these entries were errantly included and should be excluded. The court will therefore exclude all time entries associated with Ms. Vinda.

**B. Hours Expended**

The court must next determine the number of hours reasonably expended by plaintiffs' counsel. "Plaintiffs' burden in an application for attorneys fees is to 'prove and establish the reasonableness of each dollar, each hour, above zero.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)). "Time records submitted in support of a fee request must reflect the same billing judgment as a bill to a paying client." *Bishop v. Smith*, 112 F. Supp. 3d 1231, 1239 (N.D. Okla. 2015); *see also Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). Courts must exclude from the calculation any hours that are "excessive, redundant, or otherwise unnecessary." *Id.*

The court has reviewed the time records submitted by plaintiffs' counsel. The records reflect a total of 228.0 hours spent by all timekeepers during the period June 30, 2017 to January

16, 2019. [Doc. 94-1, p. 14]. The records also reflect a total of 555.1 billable hours spent by all timekeepers during the period January 16, 2019 to June 7, 2019.[2] [Doc. 95-1, p. 35]. The records thus reflect a total of 783.1 hours spent by all timekeepers.

PSI advances several objections to plaintiffs' counsels' time records. As an initial matter, PSI observes that the total fee award sought—$233,842.13—appears to include $2,325.63 in costs. The Clerk of Court has already taxed costs [Doc. 104], and the Weisers may not recover costs twice. Thus, the court excludes costs in its determination of an appropriate fee award.

PSI also argues that the court should reduce the requested number of hours because the Weisers did not apportion time spent between plaintiffs' FLSA claim and PSI's counterclaim. The court finds this argument unpersuasive because, in this case, defending the counterclaim was intertwined with and collateral to prosecuting the FLSA claim. *See Deasy v. Optimal Home Care, Inc.*, No. 17-CV-00287-MSK-CBS, 2019 WL 2521676, at *2 (D. Colo. June 19, 2019) (time spent by plaintiff's counsel defending counterclaim was compensable under FLSA); *see generally Jane*, 61 F.3d at 1512 (prevailing plaintiff may recover for time spent on claims that are "interrelated"—*i.e.*, based on "a common core of facts").

PSI also objects that a number of time entries are excessive, redundant, or otherwise unnecessary. In particular, PSI objects to billing for time spent by attorneys on administrative matters, paralegal tasks, and office technology or equipment issues. PSI also asserts that plaintiffs' counsel overstaffed meetings and trial, using three attorneys to try a straightforward FLSA case. PSI notes that its own counsel billed only 361.25 total hours, including both attorney and paralegal time, to handle the case through the end of trial. [Doc. 102-1, p. 2].

---

[2] This total includes 7.8 hours for attorney Eva Vinda discussed above.

The court agrees that the total number of recorded hours—783.1—is high considering the nature of the case, even though PSI and its counsel complicated the case unnecessarily. In particular, the court finds it was unnecessary to staff a case of this kind with three attorneys during trial. Accordingly, Ms. Stallings' time billed during trial hours will be awarded at a paralegal rate. In addition, time spent by Mr. Kittle on administrative matters and office technology or equipment issues is non-billable,[3] and the amount of time spent on certain tasks—such as deposition designations—appears somewhat excessive.[4] Accordingly, the court has applied a 10% reduction to Mr. Kittle's hours to account for administrative functions. *See generally Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) (permitting a "general reduction of hours claimed in order to achieve what the court determines to be a reasonable number" (quoting *Mares*, 801 F.2d at 1203)).

As previously mentioned, the court recognizes that, in many ways, the actions of PSI's counsel added needless difficulty and increased the number of hours that the Weisers' attorneys were required to spend on this case. Those actions include tardy and incomplete discovery responses,[5] advancing dubious and/or meritless legal positions (including but not limited to its counterclaim for breach of contract), alleging facts running contrary to PSI's own payroll records, and pursuing irrelevant lines of inquiry.

Because plaintiffs have not provided a breakdown of the total hours performed by each timekeeper, the court has performed its own calculations for the lodestar analysis. Based on its

---

[3] *See, e.g.*, [Doc. 94-1, p. 4 (1/25/18: "Attempted to scan . . . Scanned doc has red line . . . Likely due to full waste toner cartridge.")]; [Doc. 94-2, p. 22 (5/6/19: "Printed out copies of PTO . . . Printed out and separated Pl's Trial Exhibits"), p. 26 (4/17/19: ("Ordered transcripts via pdf."), p. 31 (2/17/19: "Updated calendar events in ZOLA."), p. 32 (1/28/19: "External hard drive [E drive] stopped working."; 1/30/19: "Second round of issues with tech"; 2/1/19: "More computer issues."), p. 34 (1/23/19: "Assemble and scan Ex. Nos. 2, 3, 8–14 . . . Assemble and scan Ex. No. 17.").

[4] *See* [Doc. 94-2, p. 28].

[5] *See* Opinion and Order, Doc. 34, p. 2.

review of the time records and the considerations discussed above, the court finds that Mr. Keesling reasonably expended 295.7 hours on the litigation; Mr. Kittle reasonably expended 359.1 hours; Ms. Stallings reasonably expended 16.1 hours in her capacity as an attorney and 45.9 hours on paralegal-type work; and Ms. Marks reasonably expended 18.6 hours. Multiplying the number of hours reasonably expended by the reasonable rates for each timekeeper yields a combined lodestar of $216,512.50. The court finds this figure reasonable in light of the hours necessarily expended on the litigation and the results obtained.

**C. Proportionality**

PSI argues that the court should apply a 65% reduction "based on an overall analysis of the bills received in proportion to the award . . . to represent a reasonable outcome." [Doc. 102, p. 13]. PSI observes that plaintiffs' requested fee award is about six times plaintiffs' total recovery of actual and liquidated damages. PSI maintains that the Weisers' attorneys should receive no more than $82,000 (roughly double plaintiffs' recovery) for their successful representation of the Weisers—notwithstanding the fact that PSI's attorney billed $113,803.88 for his unsuccessful representation of PSI. [Doc. 102-1, p. 2].

The court finds PSI's proportionality argument unpersuasive. In FLSA cases, "the fee award need not be proportionate to the damages award." *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1311 (10th Cir. 2014). Here, the Weisers' counsel achieved excellent results for the Weisers. The jury awarded $8,990.48 of the $9,167.04 each plaintiff requested in actual damages, meaning that the Weisers garnered more than 98% of the relief they requested from the jury. The court is familiar with the docket and the record in this case. This dispute could have been resolved much earlier and for substantially smaller expenditures had PSI taken a more reasonable approach in assessing the facts and the applicable law. It was primarily PSI, not the Weisers, who drove up the

attorney fees and expenses associated with this matter. The court finds no reason to modify the lodestar figure calculated above.

## IV. Conclusion

WHEREFORE, plaintiffs' Motion for Attorney's Fees [Doc. 97] is granted in part and denied in part. Plaintiffs are awarded $216,512.50 for attorney's fees to be paid by defendant Pathway Services Inc.

IT IS SO ORDERED this 26th day of August, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE